IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EBONY LUSK, § | |
| § | |
| Plaintiff, § | |
| § | Civil No. 3:09-CV-0521-O |
| vs. § | |
| § | |
| KROGER AND KROGER TEXAS, L.P., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION

Before the Court is Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment With Brief in Support ("Def. Mtn." or "Motion") (Doc. # 6).

Plaintiff Ebony Lusk ("Plaintiff") sued Defendants Kroger and Kroger Texas L.P. ("Defendants") alleging they were negligent in allowing a pool of liquid on the floor of one of Defendants grocery stores causing Plaintiff to fall and injure herself. *See generally*, Plaintiff's First Amended Original Petition.  Defendants have moved for judgment on the pleadings, arguing Plaintiff's claim lies in premises liability and not, as she pled, in negligence.  Defendants argue that Plaintiff's failure to correctly allege that the claim arises under a premises liability theory necessitates dismissal. Alternatively, Defendants argue summary judgment is appropriate because Plaintiff has no evidence to support an essential element of her claim for negligence.

**Legal Standard**

Rule 12 (c)

After the pleadings close, a defendant may assert the plaintiff's failure to state a claim

1

upon which relief can be granted in a motion for judgment on the pleadings under Rule 12(c). FED. R. CIV. P. 12(c); 12(h)(2). The standard for deciding an assertion of failure to state a claim is the same whether asserted under Rule 12(b)(6) or 12(c). *Guidry v. Am. Pub. Life Ins.*, 512 F.3d 177, 180 (5th Cir. 2007).

In reviewing for failure to state a claim, courts must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Courts are not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). When there are well-pleaded factual allegations, courts assume the veracity thereof and then determine whether such allegations plausibly give rise to an entitlement to relief. *Id.*

Additionally, courts cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to its motion are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

Rule 56

Summary judgment is proper under Rule 56 when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that this is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249. Neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id*. (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

When weighing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *Walker v.*

3

*Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). Courts cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

**<u>Analysis</u>**

*A.     Premises Liability Claims*

In Texas, a plaintiff alleging injuries that occurred as a result of conditions while on the premises of another must pursue his claim under a premises liability theory. *Keetch v. The Kroger Company*, 845 S.W.2d 262, 264 (Tex. 1992). In *Keetch*, the Texas Supreme Court held the distinction between a negligence and a premise liability theory turns on whether a person has ". . . been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Id.* If the injury occurs as a result of the condition, then, it is a premises liability claim. *Id.*

To state a claim under premises liability, a plaintiff must allege (1) knowledge of some condition on the premises by the owner or operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator failure to use such care proximately caused the plaintiff's injuries. *Id.* at 264, citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983).

*B.     Negligence Claims*

Negligence claims require a showing that a defendant did or failed to do what a person of

4

ordinary prudence in the same or similar circumstances would have not done or done. *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 752 (Tex. 1998).

**<u>Analysis</u>**

<u>Rule 12 (c)</u>

In the present case, Plaintiff argues that Defendants were negligent in failing to: (1) properly mark off and identify the area of the liquid; (2) place warning signs; perform inspections of the floor to discover the liquid; (3) remove the liquid; and (4) maintain the meat tray to prevent liquid from leaking on to the floor. *See* Plaintiff's First Amended Original Petition, ¶ V. She alleges these acts caused her to injure herself because she slipped in a puddle of liquid that was left on the grocery store floor. Notably, Plaintiff does not allege that she was injured by any activity of the Defendants or its employees. Rather, the injury occurred as a result of the floor's wet condition. Therefore, the face of Plaintiff's live pleading alleges facts which would support a premises liability claim, not a negligence claim. *See Keetch*, 845 S.W.2d 262, *supra*. Regardless of the label placed on the claim, this pleading alleges facts which, if proven, could support a claim for premises liability. As such, the Court DENIES Defendants' request to dismiss the case for failing to plead premises liability.

<u>Rule 56</u>

Defendants' also move for summary judgment, arguing Plaintiff has affirmatively disclaimed any evidence that Defendants had actual or constructive knowledge that the liquid was on the floor before she fell. *See* Def. Br. at 5, citing to Def. Appendix 6-8. This is an essential element of her claim. *Keetch,* 845 S.W.2d at 266-267. Defendants' appendix includes

5

evidence, in the form of Plaintiff's deposition and her answers to requests for admissions, that she has no proof that Defendants had prior actual or constructive knowledge of the liquid. *See* Def. App. at 13-15.  Plaintiff's sworn testimony affirms that she has no information that any Kroger employee knew, or constructively knew, prior to her fall, that there was liquid on the floor. *Id.* at 8.  In addition, Plaintiff admitted in her answers to request for admissions that she did not know how long the liquid had been on the floor and knew of no Kroger employee who was aware of the liquid on the floor before she fell. *See* Def. App. at 13-15.  Upon full review of the evidentiary record before the Court in a light most favorable to the non-movant, the record indicates that there is no genuine issue of material fact as to Defendants' knowledge.

Because Defendants have met their initial burden, at this stage in the Court's consideration Plaintiff is required to point the Court to information in the record that demonstrates there is a genuine issue of material fact concerning Defendants' knowledge. Plaintiff has not carried this burden.  In fact, she has not responded to Defendants' Motion. Thus, the Court is left to conclude, based upon all of the evidence before it, no disputed issue of fact exists regarding Defendants' knowledge of the wet condition of its floors.

After independently considering the evidence, the Court finds there is no genuine issue of material fact concerning Defendants' knowledge of the condition at the heart of Plaintiff's complaint.  Therefore, Defendants Motion for Summary Judgment is GRANTED.  Accordingly, Plaintiff's claims are DISMISSED.

So ORDERED this 6th day of January, 2010.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**